DAVID PUTERBAUGH

*v.*

CHARLES HAMMOND.

*Filed at Ottawa March 28, 1883.*

1. ASSIGNEE *with notice—measure of recovery on a note given as an indemnity.* A principal maker of a note gave to his surety thereon a note for $2000, secured by a second mortgage on land, to indemnify him against loss in respect to his suretyship, upon which the surety indorsed, "This note is made to secure me against any and all loss that I may sustain from having signed notes, as security, with said principal," and signed his name thereto.

17—106 ILL.

The surety, after judgment against him and his principal, indorsed such indemnifying note, before maturity, to a prior mortgagee, who paid to the creditor in the judgment $1600, and the surety paid the balance of the judgment against him and his principal: *Held*, in a suit by the assignee against the maker of the indemnifying note, that the former, having notice from the memorandum on the note that it was given only to secure the payee for all moneys he might pay for the maker, could only recover the amount paid by the assignor as surety, with the right first to retain the $1600 advanced by him on the judgment, and interest thereon, and hold the residue of the collection to make the assignor whole for the balance of the payment made by him as surety of the maker of the note.

2. PRINCIPAL AND SURETY — *assignment by the latter of collateral paper held as indemnity—right of action in the former.* In such case the maker of the note so assigned is not damaged by the assignment when he has not paid the note, and can not be damaged thereby, for the reason that on payment of the sum advanced by the assignee, and to the assignor the money paid by him as surety in discharge of the judgment, the note given as indemnity would be satisfied, notwithstanding its assignment.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Carroll county; the Hon. JOHN V. EUSTACE, Judge, presiding.

This is an action of assumpsit, brought by Hammond, against Puterbaugh, in the circuit court of Carroll county, to the January term, 1881. The declaration consisted of the common counts, for goods sold and delivered; for money lent and advanced to defendant; for moneys paid, laid out and expended for defendant; for money had and received; for money due for interest; for work and labor done and materials furnished, and upon an account stated. The defendant pleaded *non assumpsit*, payment, and set-off. Upon these pleas issues were formed, which, upon trial by jury, were, on April 16, 1881, found for plaintiff, and his damages assessed at $1177.85. A motion for a new trial, by defendant, was overruled, and judgment was entered upon the verdict. This judgment was affirmed in the Appellate Court, on appeal, and Puterbaugh appeals to this court.

The bill of exceptions shows that the testimony offered by plaintiff tended to prove that plaintiff held the note of

defendant for the sum of $7,—due March 2, 1878, $8.30; that on December 27, 1878, plaintiff paid for defendant, costs, to police magistrate, $10.20; that at the June term, 1878, of the circuit court of the county of Carroll, a judgment was entered against Puterbaugh and Hammond, for the sum of $2102.25, in favor of Bent & Cottrell, upon a note given by defendants, on which Hammond was merely security for Puterbaugh. This note was given February 5, 1877, for $2000, payable in one year from date, with interest at the rate of ten per cent, and at the same time, or soon after, Puterbaugh gave to Hammond his note for $2000, payable two years from date, and at the same rate of interest. This latter note was secured by mortgage on what was called the Wicks farm. On this note was a memorandum, signed by Hammond, saying:

"This note is made to secure me against any and all loss that I may sustain from having signed notes, as security, with said Puterbaugh.

"*Feb. 16, '77.*                              CHARLES HAMMOND."

On December 27, 1878, Hammond, and the judgment creditors, Bent & Cottrell, and one Samuel W. Treat, who held a prior mortgage on the Wicks farm, at the instance of Hammond made an arrangement by which Treat paid to Bent & Cottrell $1600 upon their judgment against Puterbaugh, and Hammond, in addition, paid $630.80, (by giving a promissory note to them, which was accepted as payment, and which was soon after this paid,) and thereupon Hammond assigned to Treat the note by Puterbaugh, given to Hammond as above stated. Afterwards Treat sued out an execution upon the Bent & Cottrell judgment, against Puterbaugh and Hammond. They united in a bill for an injunction to stay this execution, upon the ground that the same was fully paid, and obtained a decree against Treat, making such injunction perpetual. In prosecuting this suit counsel were employed in behalf of complainants, and Hammond

paid $70 for their professional services. In this action, Hammond, on the trial, claimed to recover, with interest to the time of trial, the sums paid by him on the small judgments, and the $630.80 paid on the large judgment, the moneys paid by him for attorney's fees in the chancery suit, and also some small amounts for services performed by him for Puterbaugh, in and about his business, at his request. About these services the testimony was contradictory. The chief defence set up was, that Hammond had sacrificed the $2000 note given to him by Puterbaugh, by selling the same for less than its value, viz., for $1600, to Treat, without special authority or the consent of Puterbaugh. It was claimed by the defendant, at the trial, that he should have credit for the difference between $1600 and the amount due upon the face of the $2000 note, and evidence was given on the trial tending to show that the Wicks farm was of value sufficient to secure the prior mortgage of Treat, and also this $2000 note assigned by Hammond to Treat.

Mr. JAMES SHAW, for the appellant:

Commercial paper held as collateral security can not be sold by the holder, but must be collected, and the proceeds applied on the debt it secures. *Joliet Iron Co*. v. *Sciota Fire Brick Co*. 82 Ill. 548; *Wheeler* v. *Newbold*, 16 N. Y. 392; Edwards on Bailment, 261; *Garlick* v. *James*, 12 Johns. 146; *Depuy* v. *Clark*, 12 Md. 428; *Union Trust Co*. v. *Rigdon*, 93 Ill. 458; *Zimpleman* v. *Veeder*, 98 id. 613.

The purchaser of a note and mortgage at a discount, before maturity, is entitled to collect the full amount due on said paper; and such is the law even when the paper is held as collateral security. *Tooke et ux*. v. *Newman et al*. 75 Ill. 215; *Raples* v. *Morgan*, 2 Scam. 561; *Sherman et al*. v. *Blackman*, 24 Ill. 345; *Hilton* v. *Waring et al*. 7 Wis. 492.

A person taking a note as collateral security before due, is a *bona fide* purchaser, and the maker can have no defence to

it, but must pay it in full. *Manning* v. *McClure*, 36 Ill. 490 ; *President, etc.* v. *Chapin*, 8 Metc. 40 ; *Rose* v. *Teeple*, 16 Ind. 37 ; *Horne* v. *Cole*, 51 N. H. 287 ; *Tooke et ux.* v. *Newman et al.* 75 Ill. 215 ; Bayliss on Sureties, 352.

Messrs. HUNTER & HOFFMAN, for the appellee :

A surety has a right of action against his principal debtor for any and all amounts the surety pays for him after the principal is in default, and can be legally called on for payment, or after the surety may be compelled to pay the same. *Shepard* v. *Ogden*, 2 Scam. 257 ; *Davis et al.* v. *The People*, 1 Gilm. 409 ; *Bonham* v. *Galloway et al.* 13 Ill. 68 ; *The Governor* v. *Lagow et al.* 43 id. 142 ; *Darst* v. *Bates et al.* 51 id. 439 ; *Hall* v. *Smith*, 5 How. 96 ; Chitty on Contracts, (5th Am. ed.) 517, and note ; 1 Parsons on Contracts, 470, 471.

When a note and mortgage are placed in the hands of a creditor as collateral, but are not paid, the party depositing them can claim no credit for the amount due by them in a suit by the creditor. *Prettyman et al.* v. *Barnard*, 37 Ill. 109.

A *bona fide* holder of commercial paper is one who acquires the paper in good faith, without notice or knowledge of defences or of circumstances which should put him on inquiry, for a valuable consideration, from one capable of transferring the paper. 1 Parsons on Notes and Bills, (2d ed.) 254.

In a suit by the assignee of a note, who holds it as the trustee of the payee, against the maker, the latter may interpose any defence or offer any set-off which such maker has against the payee. *Henry* v. *Scott*, 3 Ind. 412 ; 1 Parsons on Notes and Bills, 255, note s.

In a suit by the holder of a note held as collateral security, the maker may offer any defence that he may have against the payee of the note, except as to the amount of the debt for which such note is held. *Steere* v. *Benson*, 2 Bradw. 560 ; *Williams* v. *Smith*, 2 Hill, 301 ; *President, etc.* v. *Chapin*, 8

Metc. 40; *Jones* v. *Heffert,* 3 Eng. C. L. 419; *Atlas Bank* v. *Doyle,* 9 R. I. 76.

An assignee, in equity, holds subject to all defences. *Grassly et al.* v. *Reinback,* 4 Bradw. 342; *Foster* v. *Strong et al.* 5 id. 223; *Olds* v. *Cummings,* 31 Ill. 188.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is contended by counsel for appellant, that, inasmuch as this note of Puterbaugh, given to Hammond, was sold and assigned to Treat before maturity, Puterbaugh is liable to pay to Treat the entire amount of the face of that note, and interest, and as Hammond had no authority to sacrifice the note by a sale for less than its face, Puterbaugh had the right, in this action, to recoup or set-off against Hammond the difference between the sum of $1600 received of Treat, and the amount of the note, and accrued interest at the time of the sale to Treat by Hammond. We do not see how this position can be sustained. It is true the note was not due when it was assigned to Treat, but it is equally true that there was a memorandum on the back of the note, signed by Hammond, which gave Treat notice that the note was not given for an existing debt, but merely to secure Hammond for all moneys he might pay for Puterbaugh, as his security on notes signed with Puterbaugh, by Hammond. Under these circumstances, the only amount which could, in any event, be recovered from Puterbaugh on this $2000 note, would be the amount paid by Hammond as such security, and not refunded by Puterbaugh; and the only effect of the assignment of the note to Treat by Hammond was, to enable that amount to be recovered upon the note in the name of Treat, and to give Treat a preference, authorizing him to apply the first moneys arising from collection on that note to repayment to him of the $1600 advanced by him, and interest thereon, and requiring him to apply the residue of such collections to making Hammond whole for payments

made by him other than the $1600. Puterbaugh has paid nothing on this note, and has not been damaged by its assignment to Treat, and it is not perceived that he can hereafter be damaged. Should he pay to Treat the $1600 advanced by him when this note was assigned to him, and pay to Hammond, with interest, the other moneys paid by him in payment of these judgments, it will operate as a full satisfaction of this note held by Treat.

We find no cause to disturb the judgment of the Appellate Court, and it is therefore affirmed.

*Judgment affirmed.*